ELECTRONICALLY FILED - 2021 May 14 3:52 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002290

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | |
| ) | |
| TARA WALKER, ) | |
|     Plaintiff, ) | CIVIL ACTION No.: |
| v. ) | |
| ) | |
| WALMART EAST LP, ) | |
| and ) | SUMMONS |
| WALMART, INC., ) | |
|     Defendants. ) | |
| ) | |
| ) | |

TO:   THE DEFENDANT ABOVE-NAMED:

YOU ARE SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, on Colin T.L. Spangler, Attorney at Law, at his office at 1611 Augusta Road, West Columbia, South Carolina, 29169, within thirty (30) days after service of this Complaint, exclusive of the day of such service. If you fail to answer the Complaint within the time period set forth above, Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

DATED this 14th day of May, 2021.

                                                    BY:   Floyd & Spangler, Attorneys at Law

                                                           /s/ Colin T.L. Spangler
                                                           Colin T.L. Spangler, Esq. # 103283
                                                           1611 Augusta Road
                                                           West Columbia, South Carolina
                                                           colin@spanglerlawoffice.com
                                                           (803) 739-1824

ELECTRONICALLY FILED - 2021 May 14 3:52 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002290

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF RICHLAND )<br>)<br>TARA WALKER, )<br>    Plaintiff, )<br>v. )<br>)<br>WALMART EAST LP, )<br>and )<br>WALMART, INC., )<br>    Defendants. )<br>)<br>) . | IN THE COURT OF COMMON PLEAS<br><br><br>CIVIL ACTION No.:<br><br><br><br>**COMPLAINT** |

COMES NOW, Plaintiff Tara Walker (hereinafter "Plaintiff"), by and through undersigned counsel, complaining of the above-named Defendants, Walmart East LP and Walmart Inc., (hereinafter collectively "Defendants"). Plaintiff alleges the following:

### PARTIES AND JURISDICTION

1.    Plaintiff Walker is a resident of Gaston, Lexington County, South Carolina.

2.    Upon information and belief, Defendant Walmart Stores East, LP, is a limited partnership doing business in Richland County, South Carolina through operation of brick-and-mortar stores. Defendant Walmart Stores East LP is registered with the South Carolina Secretary of State.

3.    Upon information and belief, Defendant Walmart Stores, Inc., is the corporate entity which owns and controls Defendant Walmart Stores East, LP. Defendant Walmart Inc. is also registered with the South Carolina Secretary of State.

4.    Upon information and belief, Defendant Walmart Stores, Inc. transacts business in Richland County, South Carolina.

5.      Upon information and belief, Defendants owned, controlled, and transacted business at the Walmart store located at 1326 Bush River Road, Columbia, South Carolina, Richland County.

6.      All the acts and/or omissions set forth below occurred in Richland County, South Carolina.

7.      Jurisdiction and venue are proper over the parties and this claim.

### GENERAL ALLEGATIONS

8.      On or about June 2, 2019, Plaintiff went to the Walmart location at 1326 Bush River Road, Columbia, South Carolina. Plaintiff was accompanied by her family.

9.      After completing her shopping and paying for her items, Plaintiff exited the store and walked to her vehicle.

10.     In the store parking lot Plaintiff was confronted by law enforcement officer A. L. Kelly of the City of Columbia Police Department.

11.     Kelly informed Plaintiff that Kelly had been called to the store by Defendants.

12.     Kelly further informed Walker that Defendants accused Plaintiff Walker of shoplifting, including an allegation Plaintiff was seen opening an alcoholic beverage in the store and consuming it.

13.     In view of the public and Plaintiff's family, Plaintiff was detained, arrested, and issued a citation for shoplifting because of Defendants allegations.

14.     Plaintiff is innocent of any alleged crime.

## SPECIFIC ALLEGATIONS AS TO BOTH DEFENDANTS

### *For a First Cause of Action: Negligence and Gross Negligence*

15.     Plaintiff realleges and incorporated the preceding paragraphs as if fully set forth herein.

16.     Defendants owe certain duties to Plaintiff. These duties include, but are not limited to, duties to refrain from false accusations of criminal conduct and duties to refrain from instituting unwarranted criminal proceedings.

17.     Defendants breached these duties.

18.     As a direct and proximate result of the negligent, careless, willful, wanton, and reckless conduct of the Defendants, Plaintiff suffered damages.

### *For a Second Cause of Action: Defamation*

19.     Plaintiff realleges the previous paragraphs as is fully stated herein.

20.     Defendants, by and through their agents and/or employees, who were acting in their course and scope of employment, made numerous statements and representations to third parties that were malicious and false, including false accusations that Plaintiff was shoplifting. These statements were slander per se.

21.     Plaintiff is not a public figure and never consented to the publication of these false statements.

22.     As a direct and proximate result of the negligent, careless, willful, wanton, and reckless conduct of the Defendants, Plaintiff suffered damages.

### *For a Third Cause of Action: Outrage*

23.     Plaintiff realleges the previous paragraphs as is fully stated herein.

ELECTRONICALLY FILED - 2021 May 14 3:52 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002290

ELECTRONICALLY FILED - 2021 May 14 3:52 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002290

24. Defendants intentionally and recklessly inflicted fear, anxiety, embarrassment, and severe emotional distress on Plaintiff. Defendants conduct was extreme, outrageous, and exceeded all bounds of decency.

25. Plaintiff's distress was so severe that no reasonable person could be expected to endure the same.

26. As a direct and proximate result of the negligent, careless, willful, wanton, and reckless conduct of the Defendants, Plaintiff suffered damages.

### *For a Fourth Cause of Action: False Imprisonment*

27. Plaintiff realleges the previous paragraphs as is fully stated herein.

28. Defendants unlawfully caused Plaintiff to be restrained and detained in plain view of numerous individuals.

29. Defendants engaged in the above-noted actions without reasonable and probable grounds for believing that Plaintiff removed unpurchased merchandise from the store.

30. Defendants engaged in the above-noted acts willfully, maliciously, and with intent to detain Plaintiff and deprive her of her liberty.

31. As a direct and proximate result of Defendants false imprisonment, Plaintiff suffered damage and emotional distress.

### *For a Fifth Cause of Action: Malicious Prosecution*

32. Plaintiff realleges the previous paragraphs as is fully stated herein.

33. Defendants instituted or caused to be instituted criminal judicial proceedings against Plaintiff.

34. The criminal judicial proceedings were terminated in Plaintiff's favor.

35. Defendant's acted with malice in instituting the criminal proceedings and lacked probable cause to believe Plaintiff was guilty of the charge.

36. As a direct and proximate result of Defendants actions, Plaintiff suffered damages including emotional distress.

WHEREFORE, Plaintiff Prays this Court enter judgment against Defendant for actual and punitive damages, for costs of this action, any other relief this Honorable Court deem just, in an amount to be determined by jury.

RESPECTFULLY SUBMITTED

DATED this 14th day of May, 2021.

                                 BY:_____**FLOYD & SPANGLER, ATTORNEYS AT LAW**

                                                     /s/ Colin T.L. Spangler
                                                     Colin T.L. Spangler, Esq. # 103283
                                                     1611 Augusta Road
                                                     West Columbia, South Carolina
                                                     colin@waynefloydlaw.com
                                                     (803) 739-1824

ELECTRONICALLY FILED - 2021 May 14 3:52 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002290